United States District Court
Southern District of Texas
**ENTERED**
February 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROBIN WAYNE SMITH, | § | |
| Plaintiff, | § § § | |
| v. | § | CIVIL ACTION NO. H-19-787 |
| DIRECTOR HEALTH SVC LANNETTE LINTHICUM, *et al.*, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS

Plaintiff Robin Wayne Smith is an inmate in the Texas Department of Criminal Justice ("TDCJ"). Smith, through counsel, filed an amended complaint. The Amended Complaint names, among other defendants, Monte Smith, D.O., the Senior Medical Director for Correctional Managed Care at the University of Texas Medical Branch at Galveston. Defendant Smith now moves to dismiss the claims against him under Rule12(b)(6) of the Federal Rules of Civil Procedure.

Based on the pleadings, the motion, the response, and the applicable law, defendant Smith's motion is denied. The reasons for this decision are set out below.

### I. Background

For purposes of this motion, a detailed recitation of the facts is not required. Prior to his imprisonment, plaintiff Smith had a spinal cord stimulator surgically ("SCS") installed to address chronic pain. He was scheduled for surgery to replace the unit when he was arrested and subsequently sentenced to 35 years in prison. Plaintiff alleges that he needs replacement of his SCS, but has been denied due to a blanket TDCJ policy. He alleges that he is suffering from severe debilitating pain as a result of this denial.

In August 2024, plaintiff Smith filed an amended complaint naming Monte Smith as a defendant for the first time. Defendant Smith now moves to dismiss on the grounds that the Amended Complaint alleges no facts showing that he violated the plaintiff's constitutional rights.

## II. Standard of Review

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).

## III. Analysis

Defendant Smith argues that the Amended Complaint pleads no facts showing any involvement by him in the alleged denial of care. Other than naming him as a defendant, the Amended Complaint makes no direct mention of defendant Smith.

### A. Personal Involvement

To prevail on his claim, plaintiff must demonstrate that the defendant was personally involved in the alleged constitutional violation, or that the defendant committed wrongful acts that were causally connected to a constitutional deprivation. *See Jones v. Lowndes County, Mississippi*, 678 F.3d 344, 349 (5th Cir. 2012). Supervisory officials cannot be held vicariously liable under 42 U.S.C. § 1983 for acts of their subordinates on a theory of *respondeat superior*. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978).

In response to the motion, the plaintiff argues that it can be inferred by virtue of his position that defendant Smith was involved in making or implementing the policy used to deny care to the plaintiff. Indeed, that plaintiff alleges in paragraph 41 of the Amended Complaint that

> [e]ach named Defendant has contributed to the violation of Mr. Smith's constitutional rights by either directly refusing to approve and facilitate the treatment proposed by Mr. Smith's treating physicians or being responsible for the drafting, approval, institution, and implementation of the chronic care policy, which has resulted in the denial of effective treatment to Mr. Smith.

While not mentioning defendant Smith by name, this clearly alleges his involvement in the deprivation.

### B. Qualified Immunity

Defendant Smith also contends that he is entitled to qualified immunity. "The doctrine of qualified immunity shields public officials . . . from damages actions unless their conduct was unreasonable in light of clearly established law." *Elder v. Holloway*, 510 U.S. 510, 512 (1994). The Fifth Circuit has held that, to overcome qualified immunity, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law *in the circumstances*." *Pierce v. Smith*, 117 F.3d 866, 882 (5th Cir. 1997) (internal quotation marks and citation omitted).

It has been established for almost half a century that the Eighth Amendment requires states to provide adequate medical care for people the state incarcerates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Thus, an Eighth Amendment violation may occur where "denial of medical care may result in pain and suffering which no one suggests would serve any penological purpose." *Id.*

Taking the allegations as true, defendant Smith either promulgated or implemented a blanket policy, or was involved in the decision, to deny treatment to an inmate suffering from

debilitating pain. Such action would violate clearly established Eighth Amendment law. Defendant Smith is not entitled to a finding of qualified immunity at this juncture.

## IV. <u>Conclusion</u>

For the foregoing reasons, Defendant Monte Smith's Motion to Dismiss (Dkt. Entry No. 84) is **DENIED**.

SIGNED at Houston, Texas on February 14, 2025.

_____
ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE